# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BART DEWALD, | |
| Petitioner, | |
| v. | Case No.: 2:15-CV-029 JVB |
| SUPERINTENDENT, | |
| Respondent. | |

## OPINION AND ORDER

Bart Dewald, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (ISP 14-02-0317) held on March 4, 2014, where he was found guilty of attempted trafficking in violation of A 111/113 and sanctioned with the loss of 60 days earned credit time and a demotion in credit class by a hearing officer at the Indiana State Prison. (DE 1.)

On February 22, 2014, Lieutenant Gordon issued a Report of Conduct charging Dewald with attempting to traffic, which states:

> On 1-22-2014 at approx. 11:40 I, Lt T Gordon, was sitting in the ACH counselors office when offender Dewald 174244 opened the door and gave me a sealed envelope. Upon opening the envelope and reading a hand written letter it became apparent that Dewald was attempting me to engage in trafficking with him.

(DE 5-1.) Dewald's letter was submitted with the conduct report. (DE 5-2.) In it, Dewald asked Lieutenant Gordon to do an internet search on Dewald's former bail bond and detective agency businesses to see whether his signs were still on his office building. (Id.) The end of the letter stated:

> Do you ever check that blue box on the wall, or better yet, do you have a key for the box on the wall used for the counselors. Unless something needs

> immediate attention, I could nonchalantly place info in the counselors box, only when you work weekends, and only after your advised of the drop.

(*Id.* at 2.)

On March 3, 2014, Dewald was notified of the charge and was provided with the conduct report and screening report. (DE 5-1; DE 5-3.) Dewald pled not guilty, did not request a lay advocate, and requested Lieutenant Gordon "be present at the hearing or speak with offender prior (preferred)." (DE 5-3.) Dewald also requested a copy of the letter. (*Id.*)

The hearing officer conducted a disciplinary hearing on March 4, 2014, where Dewald made a statement:

> This just never happened—I don't know why he would think something like that. He misunderstood the letter—just want him to sit down with me so I don't have to keep writing letters—
>
> . . .
>
> Lt Gordon wrongfully accused me—aren't I allowed to face my accuser? I tried speaking with him this morning about why he thought I asked him to traffick—he said no.
>
> We were in negotiations—giving him information + I told him to go on line so he could check out what I was saying about my business. It was a misunderstanding.
>
> This is serious—it is not in my nature.
>
> Since he won't talk to me I want the major to sit on this.
>
> I have this letter for Lt Gordon explaining

(DE 5-4 at 1–2.)

Based on the evidence, including staff reports, Dewald's statement, and his two letters, the hearing officer found Dewald guilty of attempting to traffic. (DE 5-4.) The hearing officer imposed loss of telephone and commissary privileges, a 60-day loss of earned credit time, a

demotion in credit class, and imposed a previously suspended sanction of a 30-day loss of earned credit time. (*Id.*) Dewald administratively appealed this decision, but his appeal was denied. (DE 5-7.) He then filed this federal habeas petition.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Dewald raises six claims for relief in his petition: (1) he was denied a copy of the letter he wrote that was the basis for the trafficking charge; (2) he was denied the right to speak on his own behalf; (3) he was denied a requested witness; (4) he was denied an impartial hearing officer; (5) the evidence against him was insufficient; and (6) the sanctions of segregation and loss of privileges were inappropriate.

First, Dewald complains that he was denied a copy of the letter he wrote to Lt. Gordon. Though *Wolff* requires that an inmate be permitted to submit relevant, exculpatory evidence, the Seventh Circuit clarified that once an inmate admits to the elements of an offense, evidence attempting to explain or justify the behavior is not relevant, nor exculpatory. *Scruggs v. Jordan*, 485 F.3d 934 (7th Cir. 2007). Here, Dewald admitted that he wrote the letter to Lt. Gordon. And, as the author of the letter, Dewald was familiar with its contents. The hearing officer was

3

provided with the letter, so it is unclear why Dewald would need a copy of it. Nevertheless, since he admitted to what the letter said and that he wrote it, any due process violation resulting from the failure to provide him with a copy of his letter is harmless as no prejudice resulted. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Second, Dewald claims he was denied the right to speak on his own behalf at the hearing. The disciplinary hearing report, however, states that Dewald provided a statement. (DE 5-4.) In his traverse, he clarifies that his real complaint is that the hearing officer was going to find him guilty no matter what he said. Because the undisputed evidence shows that Dewald did speak at the hearing, there is no due process violation.

Third, he argues that he was denied the right to call Lt. Gordon as a witness. An inmate has a right to present relevant, exculpatory evidence. *Wolff*, 418 U.S. at 566. Here, Lt. Gordon provided a statement when he drafted the conduct report. (DE 5-1.) The hearing officer noted having received and considered that report. (DE 5-4.) Though Dewald wanted Lt. Gordon to provide additional testimony, an inmate in a prison disciplinary hearing has no right to confront or cross-examine witnesses. *Piggie*, 342 F.3d at 666; *see also Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). A prison disciplinary committee may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie*, 342 F.3d at 678. This is the reason that the institution gave in denying Dewald's request for Lt. Gordon to testify at the hearing. Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Id.* at 666. Dewald does not

identify anything from Lt. Gordon that would prove to be exculpatory, so Dewald's due process rights could not have been violated with respect to this evidence.

Fourth, Dewald claims he was denied an impartial hearing officer. "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666 (citations omitted). Due process is satisfied so long as no member of the disciplinary board was involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. *Id.* at 667. Here, there are no allegations that the hearing officer had any such involvement. Moreover, while Dewald complains that the hearing officer had a bias, Dewald has failed to provide any evidence to substantiate such a claim. As a result, this claim cannot provide habeas relief either.

Fifth, Dewald challenges the sufficiency of the evidence. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Dewald argues that the letter he gave to Lt. Gordon was not an attempt to traffic, but was an offer to provide confidential information about other inmates. The hearing officer was not unreasonable in finding that Dewald attempted to traffic when he gave the letter to Lt. Gordon. The conduct report and Dewald's letter are some evidence that Dewald engaged in trafficking. *McPherson*, 188 F.3d at 786 (conduct report alone provided "some evidence" to support disciplinary determination). Although Dewald denies he attempted to traffic, it is not the province of this court to re-weigh evidence or make its own determination of the relative credibility of the witnesses. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

Finally, Dewald complains that the imposed sanctions of segregation and loss of privileges were inappropriate. However, claims regarding these sanctions do not support habeas relief. Federal habeas corpus relief is only available to challenge the duration of Dewald's custody. Disciplinary segregation and loss of privileges affect the "severity" rather than the "duration" of custody. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Thus, this claim provides not basis for granting habeas relief.

Not only is there sufficient evidence to find Dewald guilty of the charged offense, but there has been no showing of any due process deprivation along the way. Based on the record, there is sufficient evidence to find Dewald guilty of attempted trafficking, and he has not made a showing that his due process rights were violated.

Accordingly, the Court DENIES the petition (DE 1).

**SO ORDERED** on August 31, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE